# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARIA C. MAGANA,**

        **Plaintiff,**

        v.                                                                         Case No. 07-C-349

**ATHEA PACKAGING and
ADE,**

        **Defendants.**

## ORDER ON THE MOTION TO PROCEED IN FORMA PAUPERIS

On April 16, 2007, Maria C. Magana ("Magana"), proceeding pro se, filed suit against the defendant complaining she was terminated from her employment with the defendant. Accompanying Magana's complaint was a motion to proceed in forma pauperis.

Before the court can allow the plaintiff to proceed in forma pauperis, the court is obligated to determine that Magana is unable to pay the $350.00 filing fee and that her case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A complaint should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that

the plaintiff can prove no set of facts that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In her petition to proceed in forma pauperis, Magana alleges sufficient liabilities and income to satisfy the court that she is indigent. Thus, the court will turn to the merits of Magana's claims against the defendant.

### Factual Allegations and Causes of Action Asserted

Magana was terminated from her employment after she admittedly failed to complete required paperwork and for leaving work before a piece of equipment was properly heated up. She admits making a mistake, but argues that she should not have been terminated because everyone makes mistakes. Therefore, plaintiff believes she was terminated, not because of her mistake, but because the defendant allegedly prefers to employ persons who are not legally eligible to work in the United States.

Magana also names Ade, a business located in Greendale, Wisconsin as a defendant. It appears that Magana alleges that she applied for employment with Ade and was denied. Magana alleges that Ade similarly employs persons not legally eligible to work in the United States. As relief she requests "the Court to send immigration to those company's [sic] for denieding [sic] me employment but do employed [sic] ilegal [sic] immigrants."

2

The court is required to liberally construe the pleadings of pro se litigants. Even with a liberal construction, the court is unable to understand the nature of Magana's complaint. Perhaps Magana intends to allege that these employers violated 18 U.S.C. § 2000e-2(a)(1) by allegedly discriminating against her on account of her national origin. However, Magana does not describe her national origin or how it differs from a person who was similarly situated but was not terminated. Furthermore, Magana's requested relief of an investigation of the defendants by the Bureau of Immigration and Customs Enforcement is not the type of remedy provided for under the laws which prohibit discrimination in the workplace. In its present posture, plaintiff's complaint fails to allege a claim for which she is able to obtain relief.

However, instead of dismissing her complaint as being legally frivolous, the court shall permit Magana to amend her complaint. Within 30 days of the date of this order, if Magana wishes to pursue her action, she shall file with the Clerk of Courts an amended complaint in which she further explains the nature of her complaint and any appropriate relief she may obtain.

As previously indicated, even if Magana were to prove her allegations regarding the defendant's conduct, the court is unable to order the relief that Magana requests. If Magana is simply seeking an investigation of the defendants by the Bureau of Immigration and Customs Enforcement, a federal lawsuit is not necessary. The Bureau of Immigration and Customs Enforcement may initiate investigations upon reports from concerned persons. A concerned person may contact the Bureau of Immigration and Customs Enforcement at its toll-free tip line at 1-866-DHS-2ICE (1-866-347-2423) or contact the Milwaukee office directly at 414-297-3231.

**IT IS THEREFORE ORDERED** that Magana shall file an amended complaint **within 30 days of this order.** In her amended complaint Magana shall provide further explanation as to the nature of her claim and the relief she seeks.

If Magana no longer wishes to proceed with this case, she may file a notice of dismissal with the court.

If Magana fails to file an amended complaint within 30 days, her complaint will be dismissed.

Dated at Milwaukee, Wisconsin this 17th day of April, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge