# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARIA C. MAGANA,**

        **Plaintiff,**

        v.                            Case No. 07-C-349

**ATHEA PACKAGING and**
**ADE,**

        **Defendants.**

## ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND RECOMMENDATION THAT THE COMPLAINT BE DISMISSED

On April 16, 2007, Maria C. Magana ("Magana"), proceeding pro se, filed suit against the defendants complaining she was terminated from her employment with the Athea Packaging. Accompanying Magana's complaint was a motion to proceed in forma pauperis. The court previously reviewed Magana's complaint and was unable to discern any federal cause of action. The court thought that Magana might have been intending to allege that the defendant, her former employer, violated 42 U.S.C. § 2000e-2(a)(1) by discriminating against her on account of her national origin when she was terminated from her employment with Athea Packaging. However, Magana did not indicate what her national origin was or how it differed from others similarly situated who were not terminated. Therefore, the court permitted the plaintiff to amend her complaint.

Magana filed an amended complaint on May 16, 2007. In reviewing this amended complaint, it is clear that Magana has failed to state a federal cause of action and therefore the court shall deny

Magana's motion to proceed in forma pauperis and recommend that Magana's complaint be dismissed.

It is clear from reviewing Magana's amended complaint that she is upset that she was terminated by Athea Packaging. Specifically, she argues that it was not fair that she was terminated because the mistake for which she was terminated it was her "first big mistake" in a new position that she was still learning. Magana closes her amended complaint by saying, "I strongly believe I should be granted my job back just for the fact that others had made worse mistakes in the company keeping in mind that they been in the company longer than me and should know better, considering I was in training still, I deserve my job back."

The types of cases that may be filed in federal court is greatly limited. An employee who feels that she has been unfairly terminated is unable to pursue a claim in federal court unless the employee is able to allege that she was terminated for one of a few limited reasons such as her race, color, religion, sex, national origin, 42 U.S.C. § 2000e-2(a)(1), age, 29 U.S.C. § 623(a)(1), disability, 42 U.S.C. § 12112(a), or for the employee's exercise of certain rights, see, e.g., 29 U.S.C. § 2615(a)(2) (prohibiting termination for employee's exercise of rights under the Family and Medical Leave Act). Ordinarily, absent an allegation that the employee's termination was in violation of a specific federal law, an employee is unable to pursue relief for that termination in federal court, regardless of how unfair the termination may have been.

Magana provides no additional clarification as to the nature of her claim against Ade, the second defendant named in her original complaint, and therefore Magana also fails to state a federal cause of action as to this defendant.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to proceed in forma pauperis is

**denied** pursuant to 28 U.S.C. §1915(e)(2) for the plaintiff's failure to state a claim upon which relief may be granted.

**IT IS FURTHER RECOMMENDED** that the plaintiff's complaint be **dismissed**. This case shall be returned to the clerk's office for random reassignment to a district judge.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 22nd day of May, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge